UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:                                                    Case No.  23-14125-EPK
                                                          Chapter 11(Subchapter V)

BEN L. COOK,

        Debtor.

_____/

### DEBTOR'S 2nd AMENDED SUBCHAPTER V PLAN

BEN L. COOK, the debtor-in-possession (the "**Debtor**"), pursuant to §§ 1189 and 1190 of the Bankruptcy Code,[1] by and through undersigned counsel, respectfully files the following *Debtor's' Subchapter V Plan*:

### SECTION 1

### BRIEF HISTORY OF THE BUSINESS OPERATIONS OF THE DEBTOR PURSUANT TO 11 U.S.C. § 1190(1)(A)

The Debtor purchased the e-commerce business Printed Kicks under the newly formed company Cook Digital Corp. d/b/a Printed Kicks in September 2020. The business sold American pride, Christian, and right leaning political apparel, hats, drinkware and flags on its website Printedkicks.com. The business had a successful past and was doing well until the events of January 6, 2021, riots put the company, and others like it, under heavy scrutiny from its major advertising channels. The company's main advertising channels to drive its business revenue were from Facebook, Google, and Amazon. The events of January 6th made it very difficult to have ads being run on those channels and resulted in having ad accounts canceled, causing the company to incur significantly increased advertising costs while limiting the Debtor's ability to sell products leaving the Debtor unable to meet its obligations. After many months of attempting to fix the

---

[1] 11 U.S.C. §§ 101, *et seq.*

company's advertising, the mounting losses and debt led the company to ultimately cease operation in January 2023. The Debtor is the personal guarantor of many of the debts of the company, leaving the Debtor no choice but to file for protection under Chapter 11.

## SECTION 2

## LIQUIDATION ANALYSIS PURSUANT TO 11 U.S.C. § 1190(1)(B)

The Debtor's liquidation value is $15,939.92.  For purposes of 11 U.S.C. §1129(a)(7)(A)(ii), the liquidation value is the amount that impaired classes of claims would have received or retained if, as of the effective date, the case was liquidated under a Chapter 7.  Pursuant to the Debtor's Schedules A/B and C [ECF No. 25], the Debtor's non-exempt assets have a net liquidation value of $40,769.07.  There is a deduction from this amount of estimated Chapter 7 administrative expenses (Trustee Fee) in the estimated amount of $4,829.16.  There is a further deduction for estimated Chapter 11 administrative expenses in the amount of $15,000.00 for attorneys' fees and costs and $5,000.00 for the Sub-V Trustee.  The listing of assets and exemptions are set forth on the attached Liquidation Analysis as Exhibit A.

If the Plan is not confirmed, and this case were converted to a case under chapter 7 of the Bankruptcy Code, it is likely that the actual Chapter 7 and other administrative expenses would be greater than estimated amount stated above, leaving, at most, a minimal dividend to general unsecured creditors.  Conversely, this Plan provides for payment in full of all administrative claims and priority claims, a payment to secured creditors equal to the value of their collateral, and a distribution to unsecured creditors.

## SECTION 3

## MEANS FOR IMPLEMENTATION OF PLAN PURSUANT TO 11 U.S.C. § 1190(1)(C)

The Debtor asserts that he will have sufficient net disposable monthly income from future earnings to make the payments required under the Plan.  In order produce the income necessary to

fund the Plan, the Debtor will continue to be employed as the chief executive officer of Florida Eye Health Services, LLC, and became separated in August of 2023.  The Debtor continues to receive severance through October of 2023. The Debtor is actively searching for employment and expects there to be no significant changes in his net disposable monthly income.  In addition, the Debtor has funds in his IRA in excess of $17,000.00 which he can use in the event of an inability to obtain employment.

**SECTION 4**

**CLASSIFICATIONS AND TREATMENT OF
CLAIMS AND INTERESTS UNDER THE PLAN**

**ADMINISTRATIVE CLAIMS**

A.      <u>Debtor's Counsel</u>:  The Debtor has employed Alan R. Crane, Esq., and Furr & Cohen, P.A., to represent him in this bankruptcy proceeding. Counsel shall file a final fee application.  Pre-petition, counsel received a retainer of $27,087.50.  $17,087.50 of the retainer was paid by the Debtor's entity, Cook Digital Corp., which is not in bankruptcy.  $20,003.00 was used pre-petition, which includes the filing fee for the bankruptcy proceeding of $1,738.00.  As a result, the pre-petition retainer received from the Debtor was $7,084.50.

The Debtor anticipates that an additional $15,000 will be due to counsel at confirmation.

B.      <u>Subchapter V Trustee</u>:  Soneet R. Kapila is the appointed subchapter V trustee for this case.  The Debtor anticipates that Mr. Kapila's compensation will be approximately $5,000. The subchapter V trustee shall file a final fee application.

C.      <u>Payment of Administrative Claims</u>:

(i) If the Plan is confirmed under § 1191(b) of the Bankruptcy Code, each administrative claimant shall be paid their allowed administrative claim over twelve (12)

months in equal installments commencing on the Effective Date and continuing on a monthly basis until paid in full unless the parties agree to other treatment in writing.

(ii) If the Plan is confirmed under § 1191(a), each administrative claim shall be paid in full on the Effective Date of this Plan, in cash, or upon such other terms as may be agreed upon by the holder of the administrative claim and the Debtor.

## CLAIMS AND INTERESTS

**PRIORITY TAX CLAIMS** – Priority tax claims will be paid in full in equal monthly installments commencing thirty (30) days after the Effective Date and ending five (5) years after the date of the respective order for relief.

**CLASS 1** – The secured claim of Renasant Bank and the U.S. Small Business Administration, secured by both the Debtor's homestead located at 3232 Lago De Talavera, Lake Worth, Florida and the Debtor's real property located at 1501 S. Beech Mountain Parkway, Banner Elk, North Carolina. The claimant has filed Proof of Claim No. 11. This claim will be paid in full upon the sale of the Banner Elk, North Carolina property.

The claimant will retain its mortgage and lien and all rights thereunder until such time as the claim has been paid in full. Class 1 is impaired.

In the event that sale of the North Carolina Property is insufficient to pay any part of the balance under Class 1, then the unpaid balance shall remain a lien on the property located at 3232 Lago De Talavera, Lake Worth, Florida. If the Debtor and a buyer have entered into a fully executed contract for the sale of the North Carolina on or before the Effective Date of the Plan, then the Debtor shall be permitted to close on the North Carolina Property. If the Debtor has not entered into a fully executed contract for the sale of the North Carolina Property prior to the Effective Date, then Renasant Bank shall have stay relief as to the North Carolina Property. If

there is a fully executed contract for the sale of the North Carolina Property on or before the Effective Date, but if there is no closing within 45 days of the Effective Date, the Renasant Bank shall have stay relief as to the North Carolina Property.  However, this 45-day period may be extended by agreement of the parties or, absent agreement by the parties, upon notice and hearing the Court may extend the closing period upon a showing of "cause" using the same standard applicable to Fed. R. Bankr. P. 9006(b).  The additional time allowed will be determined by the Court absent an agreement by the parties.

If the Debtor and a buyer have entered into a fully executed contract for the sale of the Lake Worth Property on or before June 23, 2024, then the Debtor shall have 30 days (through and including July 23, 2024) to close on the sale of the Lake Worth Property.  If the Debtor is unable to close on or before July 23, 2024, on the Lake Worth Property, then Renasant Bank shall have stay relief.   However, this 30-day period may be extended by agreement of the parties or, absent agreement by the parties, upon notice and hearing the Court may extend the closing period upon a showing of "cause" using the same standard applicable to Fed. R. Bankr. P. 9006(b).

**CLASS 2** – Mountain Construction – Claim No. 4.  The Debtor is objecting to the Claim being secured.   N.C. Gen. Stat §44A-12(b), provides that a claim of lien must be filed no later than 120 days the last day of furnishing of labor or materials at the site of the improvement by the person claiming the lien.  Claim No. 4 does not provide facts to support when the last day of furnishing of labor or materials furnished to the site.  The date of the Claim of Lien filed with POC #4 is dated December 17, 2022.  Paragraph 6, of the Claim of Lien, states that the last day of funding was on August 16, 2022.  This does not discuss the last day of furnishing of labor or materials to the site, but only discusses a payment date.  Even if this was the date to be used, December 17, 2022 (the date on the Claim of Lien) is more than 120 days from August 16, 2022.

Renasant Bank's Deed of Trust is superior to the defective Claim of Lien of Mountain Construction.   There is no equity above the payoff to Renasant Bank.

Therefore, Mountain Construction's claim will be disallowed as a secured claim but allowed in Class 4 as an unsecured claim.

Class 2 is impaired.

**CLASS 3** - Constitutional Tax Collector, Serving Palm Beach County is owed $25,026.58 for real estate taxes for 2022 and 2023.   This claim shall be paid over 5 years with statutory interest.  The ongoing taxes will be paid when due.   The Debtor shall commence payments upon the Effective Date of the Plan.  However, if the Debtor sells the Homestead Property, the balance of all real estate taxes due shall be paid at closing.

If the Debtor becomes delinquent in the monthly payments for the 2022 or 2023 taxes, then the Constitutional Tax Collector, Serving Palm Beach County shall be entitled to stay relief.

Class 3 is impaired.

**CLASS 4** – These are the non-priority unsecured claims.  The Debtor shall pay to non-priority unsecured creditors the aggregate sum of $17,100.00 *pro rata* in quarterly installments commencing 60 days after the Effective Date and payable on the 90th day thereafter. The $17,100.00 exceeds the liquidation analysis set forth above. Accordingly, the payments to be made to Class 4 claimants under the Plan will exceed the amount to be paid to Class 4 claimants in the event of a liquidation.  Class 4 is impaired.

In addition to the timely filed, allowed unsecured claims, the following claims are also included in Class 4:

A.   **KALABAKA CAPITAL GROUP [POC# 1-1] –** Kalabaka Capital Group filed POC #1.  Pursuant to the Court's Agreed Order Sustaining Debtor's Objection to

Claim Number 1 of Kalabaka Capital Group, this claim will be an allowed unsecured claim in the amount of $503,186.41. The secured portion of the claim is stricken and disallowed. The Debtor, for himself only, can file a UCC-3 Termination.

B. **CORPORATION          SERVICE          COMPANY,          AS REPRESENTATIVE**, in an unknown amount, based upon a UCC-1 Financing statement filed on or about February 9, 2022, with the Florida Secretary of State under document no. 202200432540. The Debtor does not have assets to which the secured claim would attach. This claim is wholly unsecured. The Debtor is unable to determine whether a creditor has filed a claim associated with this UCC-1 Filing. The creditor whose claim is based upon a UCC-1 Financing statement filed on or about February 9, 2022, with the Florida Secretary of State under document no. 202200432540, shall not receive a distribution in this case. Further, the Confirmation Order shall provide that the lien based upon the UCC-1 Financing statement filed on or about February 9, 2022, with the Florida Secretary of State under document no. 202200432540 is satisfied and the Debtor authorized to file a UCC-3 terminating the purported lien.

C. **CT CORPORATION SYSTEM, AS REPRESENTATIVE**, in an unknown amount, based upon a UCC-1 Financing statement filed on or about January 3, 2023, with the Florida Secretary of State under document no. 202300011981. The Debtor does not have assets to which the secured claim would attach, this claim is wholly unsecured. The Debtor is unable to determine whether a creditor has filed a claim associated with this UCC-1 Filing. The creditor whose

claim is based upon a UCC-1 Financing statement filed on or about January 3, 2023, with the Florida Secretary of State under document no. 202300011981, shall not receive a distribution in this case.  Further, the Confirmation Order shall provide that the lien based upon UCC-1 Financing statement filed on or about January 3, 2023, with the Florida Secretary of State under document no. 202300011981 is satisfied and the Debtor authorized to file a UCC-3 terminating the purported lien.

D. **A CORPORATION SERVICE COMPANY, AS REPRESENTATIVE**, in an unknown amount, based upon a UCC-1 Financing statement filed on or about January 11, 2023, with the Florida Secretary of State under document no. 202300097390.  The Debtor does not have assets to which the secured claim would attach, this claim is wholly unsecured.  The Debtor is unable to determine whether a creditor has filed a claim associated with this UCC-1 Filing. The creditor whose claim is based upon a UCC-1 Financing statement filed on or about January 11, 2023, with the Florida Secretary of State under document no. 202300097390, shall not receive a distribution in this case.  Further, the Confirmation Order shall provide that the lien based upon UCC-1 Financing statement filed on or about January 11, 2023, with the Florida Secretary of State under document no. 202300097390. is satisfied and the Debtor authorized to file a UCC-3 terminating the purported lien.

E. **CORPORATION SERVICE COMPANY, AS REPRESENTATIVE**, in an unknown amount, based upon a UCC-1 Financing statement filed on or about January 11, 2023, with the Florida Secretary of State under document no. 202300095026.  The Debtor does not have assets to which the

secured claim would attach, this claim is wholly unsecured.  The Debtor is unable to determine whether a creditor has filed a claim associated with this UCC-1 Filing. The creditor whose claim is based upon a UCC-1 Financing statement filed on or about January 11, 2023, with the Florida Secretary of State under document no. 202300095026, shall not receive a distribution in this case.  Further, the Confirmation Order shall provide that the lien based upon UCC-1 Financing statement filed on or about January 11, 2023, with the Florida Secretary of State under document no. 202300095026. is satisfied and the Debtor authorized to file a UCC-3 terminating the purported lien.

F.  **BIZFUND, LLC AND CORPORATION SERVICE COMPANY, AS REPRESENTATIVE**, in an unknown amount, based upon a UCC-1 Financing statement filed on or about December 6, 2022, with the Florida Secretary of State under document no. 20220383046.  The Debtor does not have assets to which the secured claim would attach, this claim is wholly unsecured. This UCC-1 was filed by Bizfund, LLC.  Bizfund, LLC did not file a proof of claim in the bankruptcy.  Further, purported collateral are receivables allegedly purchased by Bizfund, LLC on or about November 23, 2022.  The purported collateral is not part of this bankruptcy estate. Therefore, Bizfund, LLC whose claim is based upon a UCC-1 Financing statement filed on or about December 6, 2022, with the Florida Secretary of State under document no. 20220383046., shall not receive a distribution in this case.  Further, the Confirmation Order shall provide that the lien based upon UCC-1 Financing statement filed on or about December 6, 2022, with

the Florida Secretary of State under document no. 20220383046. is satisfied and the Debtor authorized to file a UCC-3 terminating the purported lien.

G. **CT CORPORATION SYSTEM, AS REPRESENTATIVE**, in an unknown amount, based upon a UCC-1 Financing statement filed on or about September 1, 2022, with the Florida Secretary of State under document no. 20220285885. The Debtor does not have assets to which the secured claim would attach, this claim is wholly unsecured. The Debtor is unable to determine whether a creditor has filed a claim associated with this UCC-1 Filing. The creditor whose claim is based upon a UCC-1 Financing statement filed on or about September 1, 2022, with the Florida Secretary of State under document no. 20220285885, shall not receive a distribution in this case. Further, the Confirmation Order shall provide that the lien based upon UCC-1 Financing statement filed on or about September 1, 2022, with the Florida Secretary of State under document no. 20220285885, is satisfied and the Debtor authorized to file a UCC-3 terminating the purported lien.

## SECTION 5
## ALLOWANCE AND DISALLOWANCE OF CLAIMS

A "disputed claim" is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either:

A. A proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or

B.  The Debtor scheduled a claim and did not mark the claim disputed, contingent, or unliquidated in the schedules and Debtor or other interested party has filed an objection.

No distribution will be made, but all amounts that may be due under the Plan will be held in reserve on account of a disputed claim until such claim is allowed or disallowed by a final non-appealable order.

The Debtor shall retain the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## SECTION 6

## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

The Debtor does not believe there are any leases or executory contracts to which the Debtor is a party.  To the extent there is any such lease or executory contract, the Debtor will be conclusively deemed to have rejected all executory contracts and unexpired leases as of the Effective Date.

**A PROOF OF A CLAIM ARISING FROM THE REJECTION OF AN EXECUTORY CONTRACT OR UNEXPIRED LEASE UNDER THIS SECTION MUST BE FILED NO LATER THAN THE LATER OF: (I) 14 DAYS AFTER THE DATE OF THE ORDER CONFIRMING THIS PLAN, OR (II) 14-DAYS AFTER THE ENTRY OF THE ORDER GRANTING THE MOTION TO REJECT.**

## SECTION 7

## EFFECT OF CONFIRMATION AND DISCHARGE OF DEBTOR

If the Plan is confirmed under § 1191(b) of the Bankruptcy Code, the Debtor shall not be discharged from any debt that arose before confirmation of this Plan, to the extent specified in § 1141(d)(1)(A) of the Code until such time as the Debtor has completed all payments due within the first three (3) years of this Plan.

## SECTION 8

## POST-CONFIRMATION STRUCTURE

The Debtor shall continue to exist after the Effective Date with all assets re-vesting in the reorganized Debtor.

Upon the entry of the Confirmation Order, subject to the occurrence of the Effective Date, the property of the Reorganized Debtor shall be free and clear of all claims and interests of creditors, except as otherwise provided for herein.

## SECTION 9

## TRUSTEE APPOINTED UNDER SUBCHAPTER V
## OF CHAPTER 11 – TERM AND COMPENSATION

**A.  Term of Trustee under a Consensual Plan:**

If the Plan is confirmed under § 1191(a) of the Bankruptcy Code, the service of the Subchapter V Trustee shall terminate when the Plan has been substantially consummated. As such, the Debtor shall make all payments under the Plan, including any deposits required by the Plan to be distributed on the Effective Date and thereafter.

**B.  Term of Trustee under a Non-Consensual or Cramdown Plan:**

If the Plan is confirmed under § 1191(b) of the Bankruptcy Code, except as otherwise provided in the Plan or in the order confirming the Plan, the Subchapter V Trustee shall make payments to creditors under the Plan.   In that event, the following provisions shall apply to all claims and disbursements made by the Subchapter V Trustee under the Plan:

i.   The Debtor shall file with the Court as a supplement to the Plan and provide notice to all creditors at or before confirmation, a list of all the creditors who will be receiving payments under the Plan, the total amount to be paid to each creditor under the Plan (inclusive of all allowed interest and fees) and the payment terms and schedule for each creditor under the Plan.

ii.   Unless the Court requires otherwise, the Debtor shall make the distributions under the Plan.  If the Court does require the Subchapter V Trustee to make the distributions, then the Debtor shall timely pay to the Subchapter V Trustee all funds needed to make payments to creditors under the Plan.

iii.  Within two (2) weeks of receiving the funds from the Debtor to make the Plan payments, the Subchapter V Trustee will disburse the amounts collected from the Debtor, to the holders of allowed claims pursuant to the treatment in their respective classes and as indicated below:

a.      All payments under the Plan will be made by the Subchapter V Trustee to the holder of each allowed claim at the address of such holder as listed on the Schedules and/or Proof of Claim, unless the Subchapter V Trustee has been notified in writing of a change of address.

b.      Any payment required to be made under the Plan on a day other than a business day shall be made on the next succeeding business day.

c.      Any distributions of cash or other property under the Plan that is unclaimed for a period of six (6) months after such distribution was made shall constitute unclaimed property and any entitlement of any holder of any claim to such distribution shall be extinguished, forever barred, and shall be returned to the Debtor.

d.      Claimants shall not be permitted to amend or otherwise modify any claim after the later of the claims bar date or the date of the confirmation hearing without leave of the Bankruptcy Court. Any amendment to a claim filed after the later of the claims bar date or the date of the confirmation hearing shall be deemed

disallowed in full and expunged without any action by the Subchapter V Trustee or the Debtor unless the claimholder has obtained prior authorization from the Bankruptcy Court for the filing of such amendment.  The Subchapter V Trustee shall have no obligation to recognize any transfer of any claim after distributions have started.

       e.     Unless expressly provided for in the Plan or the order confirming the Plan, post-petition interest and fees shall not accrue on or after the date on which the bankruptcy petition was filed on account of any claim.

    iv.  During the pendency of this case, the Debtor shall provide copies of yearly income tax returns to the Subchapter V Trustee (but not file with the Bankruptcy Court) no later than 30 days after the due date to the underlying taxing authority.

**C. Compensation of Subchapter V Trustee:** Under § 330 of the Bankruptcy Code, the Subchapter V Trustee shall be compensated for services and reimbursed for expenses.  However, the method of payment of the Subchapter V Trustee compensation depends on the provision under which the Plan is confirmed:

    i.  The Subchapter V Trustee compensation is estimated to be $5,000.00 through confirmation. The Subchapter V Trustee will apply to the Bankruptcy Court for an award of compensation through the application process that is used by professionals.  The Subchapter V Trustee will file a final fee application for compensation to be heard with the other final fee applications of professionals in this case.

    ii.  If the Plan is confirmed on a consensual basis under § 1191(a) of the Bankruptcy Code, then the Subchapter V Trustee's service ends with substantial consummation of the Plan under § 1183(c)(1) of the Bankruptcy Code, and the Subchapter V Trustee may collect approved

compensation for all services. The Subchapter V Trustee's allowed compensation, as with any other administrative expenses, is payable on the Effective Date of the Plan, unless the Subchapter V Trustee agrees to a different treatment.

       iii. If the Plan is confirmed on a non-consensual basis under § 1191(b) of the Bankruptcy Code, then the Subchapter V Trustee will remain in place for the duration of the Plan and the Subchapter V Trustee may be entitled to additional compensation for services provided after confirmation. As such, the Subchapter V Trustee may file additional or supplemental fee applications throughout the duration of the Plan.  Upon approval of the Subchapter V Trustee's fee applications in a non-consensual case, as long as all professional administrative claims are similarly treated in the Plan, the Debtor shall pay all fee amounts due to the Subchapter V Trustee on the Effective Date of the Plan in lump sum from funds being held by Debtor's counsel with any remaining balance to be paid over the remaining life of the Plan.

## SECTION 10

### UNCLAIMED DISTRIBUTIONS, AMENDMENT OF CLAIMS AND POST-PETITION INTEREST AND FEES

**The following provisions regarding unclaimed distributions, amendments of claims, post-petition interest and fees apply whether the Plan in confirmed on a consensual or non-consensual basis.**

       i.     Any distributions of cash or other property under the Plan that is unclaimed for a period of six (6) months after such distribution was made shall constitute unclaimed property and any entitlement of any holder of any claim to such distribution shall be extinguished, forever barred, and shall be returned to the Debtor.  Claimants shall not be permitted to amend or otherwise modify any claim after the later of the claims bar date or the confirmation date without leave of the Bankruptcy Court. Any amendment to a claim filed after the later of the claims bar date or the confirmation date shall be deemed disallowed in full and expunged without any action by the

Subchapter V Trustee or the Debtor unless the claimholder has obtained prior Court authorization for the filing of such amendment. The Subchapter V Trustee shall have no obligation to recognize any transfer of any claim after distributions have started.

      ii. Unless expressly provided in the Plan or the confirmation order, post-petition interest and fees shall not accrue on or after the Petition Date on account of any claim.

## SECTION 11

## <u>REMEDIES UPON DEFAULT BY DEBTOR</u>

If the Debtor fails to timely make any Plan payment to the Subchapter V Trustee or a creditor as required by the terms of this Plan, then the Subchapter V Trustee and/or the creditor may file and serve a notice of delinquency upon the Debtor and the Debtor's attorney. The Debtor shall have 15-days from the date of the notice of delinquency to make all payments due under the Plan, including any payments that become due within 15-day period. If the Debtor is seeking to cure the delinquency in a modified Plan, the Debtor must file a motion to modify the confirmed Plan within fifteen (15) days of the date of the notice of delinquency. If the Debtor is not current with Plan payments on the 15th day after the date of the notice of delinquency or have not filed a motion to modify pursuant to 11 U.S.C. § 1193 within that time period, the Subchapter V Trustee and/or the creditor will file and serve a report of non-compliance and may, thereafter, seek the appointment of a chapter 11 trustee, dismissal or conversion of this case to chapter 7 proceeding. The Debtor reserves the right to seek reinstatement or reconversion.

## SECTION 12

## <u>GENERAL PROVISONS</u>

## <u>Definitions and Rules of Construction</u>

A.  The definitions and rules of construction set forth in §§ 101, 102 and 1182 of the Bankruptcy Code shall apply when terms defined or construed in the Bankruptcy Code are used in this Plan, and they are supplemented below.

B.  "Confirmation Order" shall mean the order, entered by the Bankruptcy Court, confirming this Plan, as amended or modified.

C.  "Debtor" shall mean Ben L. Cook, the debtor in proceedings pending under subchapter V of chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Florida under case no. 23-14125-EPK.

D.  "Effective Date" of this Plan is the first business day following the date that is fourteen (14) days after the entry of the order confirming the Plan.  If, however, a stay of the order confirming the Plan is in effect on that date, the Effective Date will be the first business day after the date on which the stay expires or is otherwise terminated.

E.  "Plan" shall mean this plan of reorganization in its entirety, together with all addenda, exhibits, schedules, and other attachments hereto, in its present form or as it may be modified, amended, or supplemented from time to time.

F.  "Priority Claim" shall mean a Claim entitled to priority under section 507(a)(3)-(7) of the Bankruptcy Code.

G.  "Priority Tax Claim" shall mean a Claim entitled to priority under section 507(a)(8) of the Bankruptcy Code.

H.  "Subchapter V Trustee" shall mean Soneet R. Kapila, the subchapter V trustee appointed under subchapter V of chapter 11 of the Bankruptcy Code.

I.   Severability.  If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

J.   Binding effect:  The rights and obligations of any entity named or referred to in this Plan will be binding upon and will inure to the benefit of the successors or assigns of such entity.

K.   Captions: The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

L.   Controlling effect: Unless a rule of law or procedure is supplied by federal law (including the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Florida govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

M.   Retention of Jurisdiction:  The Bankruptcy Court shall retain jurisdiction to enforce the terms of this Plan after the Effective Date of the Plan.

**SECTION 14**

**CONCLUSION**

Under the Plan, all creditors of the Debtor will participate in some manner in the distributions to be made hereunder. The Debtor believes that the distributions contemplated in the Plan are fair and afford all claimants equitable treatment. ACCORDINGLY, THE DEBTOR RECOMMENDS THAT ALL CLAIMANTS VOTE TO ACCEPT THE PLAN.

Dated: May 16, 2024

Ben L. Cook (May 16, 2024 20:13 EDT)

BEN L. COOK

FURR AND COHEN, P.A.
*Attorneys for Debtor*
2255 Glades Road, Suite 419A
Boca Raton, FL 33431
(561) 395-0500/(561)338-7532-fax

By   /s/*Alan R. Crane, Esq.*
         Alan R. Crane
         Florida Bar No. 0963836
         E-mail: acrane@furrcohen.com

**EXHIBIT "A"**

**Ben L. Cook**

**Liquidation Analysis**

| **Assets** | **Liquidation Value** |
|---|---|
| Homestead | Exempt |
| 1501 S. Beech Mountain Parkway | $0[1] |
| Lexus ES350 | $28,000[2] |
| Household Goods and Furnishings | $2,910.00[3] |
| Electronics | $610.00 |
| Equipment for Sports and Hobbies | $500.00 |
| Clothes | $0 |
| Jewelry | $1,100.00 |
| Emergency Cash on Hand | $1,000 |
| JP Morgan Chase checking account | $50.00 |
| Velocity Community Credit Union savings account | $95.02 |
| Fidelity Investments checking account | $22.54 |
| Fidelity Investments checking account | $504.08 |
| Fidelity Investments | $0.03 |
| Fidelity Investments | $0.01 |
| Velocity Community Credit Union checking account | $5,999.93 |
| Lasik Docs, LLC | $0.00 |

[1] Fully encumbered by Renasant Bank lien
[2] $1,000 of the $29,000 value is exempt pursuant to Fla. Stat. §222.25 (1).
[3] $1,000 of the $3,910 value  is exempt pursuant to Fla. Stat. §222.25 (4).

| | |
|---|---|
| Cook Digital Corp. | $0.00 |
| Cook Capital Group, LLC | $0.00 |
| Palm Beach Nutra, LLC | $0.00 |
| Canna Wellness Clinics, LLC | $0.00 |
| Cook Mountain, LLC | $0.00 |
| Fidelity Investments Rollover IRA 5039 | Exempt |
| Traynor Capital Management IRA 4266 | Exempt |
| Cook Digital Retirement Plan | Exempt |
| Fidelity 529 College Savings 8115 | Exempt |
| Fidelity 529 College Savings 7361 | Exempt |
| Fidelity 3587 Benefit of Ben L. Cook Jr. | Exempt |
| Florida Prepaid College Savings Plan | Exempt |
| Ben Lowell Cook Irrevocable Trust | $0.00 |
| The Prudential Insurance Company of America | Exempt |
| American General Life Insurance Company | Exempt |
| Reliastar Life Insurance Company | Exempt |

Ben Lowell Cook
3 Year Budget Plan

| | Month 1 | Month 2 | Month 3 | Month 4 | Month 5 | Month 6 | Month 7 | Month 8 |
|---|---|---|---|---|---|---|---|---|
| **Income** | | | | | | | | |
| W-2 job income gross wages | $ 33,333.34 | $ 33,333.34 | $ 33,333.34 | $ 33,333.34 | $ 33,333.34 | $ 33,333.34 | $ 33,333.34 | $ 33,333.34 |
| Less Federal & FICA taxes | $ (10,272.00) | $ (10,272.00) | $ (10,272.00) | $ (10,272.00) | $ (10,272.00) | $ (10,272.00) | $ (10,272.00) | $ (10,272.00) |
| Less health/ife ins & deductions | $ (1,820.00) | $ (1,820.00) | $ (1,820.00) | $ (1,820.00) | $ (1,820.00) | $ (1,820.00) | $ (2,002.00) | $ (2,002.00) |
| Net | $ 21,241.34 | $ 21,241.34 | $ 21,241.34 | $ 21,241.34 | $ 21,241.34 | $ 21,241.34 | $ 21,059.34 | $ 21,059.34 |
| **Expenses** | | | | | | | | |
| Child support | 4,700.00 | 4,700.00 | 4,700.00 | 4,700.00 | 4,700.00 | 4,700.00 | 4,700.00 | 4,700.00 |
| Tuition | 5,500.00 | 5,500.00 | 5,500.00 | 5,500.00 | 5,500.00 | 5,500.00 | 5,500.00 | 5,500.00 |
| Rent | | | | 3,500.00 | 3,500.00 | 3,500.00 | 3,500.00 | 3,500.00 |
| Security deposit | 3,300.00 | 3,300.00 | 3,300.00 | | | | | |
| Rental insurance | | | | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 |
| Car insurance | 286.00 | 286.00 | 286.00 | 350.00 | 350.00 | 350.00 | 350.00 | 350.00 |
| Life insurance | 815.00 | 815.00 | 815.00 | 815.00 | 815.00 | 815.00 | 815.00 | 815.00 |
| Home insurance | 500.00 | 500.00 | 500.00 | 500.00 | | | | |
| Pool maintenance | 120.00 | 120.00 | 120.00 | 120.00 | 120.00 | 120.00 | 120.00 | 120.00 |
| Pest control | 75.00 | 75.00 | 75.00 | 75.00 | 75.00 | 75.00 | 75.00 | 75.00 |
| ADT alarm | 80.00 | 80.00 | 80.00 | 80.00 | 80.00 | 80.00 | 80.00 | 80.00 |
| AC system maintenance | 70.00 | 70.00 | 70.00 | 70.00 | 70.00 | 70.00 | 70.00 | 70.00 |
| Misc. home repair/supplies | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 |
| Medical, dental expenses | 200.00 | 200.00 | 200.00 | 200.00 | 200.00 | 200.00 | 200.00 | 200.00 |
| Groceries | 1,000.00 | 1,000.00 | 1,000.00 | 1,150.00 | 1,400.00 | 1,400.00 | 1,400.00 | 1,400.00 |
| Gasoline | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 | 250.00 |
| Electric | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 |
| Water | 130.00 | 130.00 | 130.00 | 130.00 | 130.00 | 130.00 | 130.00 | 130.00 |
| Clothing | 300.00 | 300.00 | 300.00 | 300.00 | 400.00 | 400.00 | 300.00 | 300.00 |
| Meals & Entertainment | 350.00 | 350.00 | 350.00 | 350.00 | 500.00 | 500.00 | 400.00 | 400.00 |
| Professional dues & subs | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 |
| Dry cleaning | 200.00 | 200.00 | 200.00 | 200.00 | 200.00 | 200.00 | 200.00 | 200.00 |
| Personal care products/svcs | 150.00 | 150.00 | 150.00 | 200.00 | 200.00 | 200.00 | 200.00 | 200.00 |
| Charitable contributions | 50.00 | 50.00 | 50.00 | 50.00 | 50.00 | 50.00 | 50.00 | 50.00 |
| Total expenses | 18,776.00 | 18,776.00 | 18,776.00 | 19,490.00 | 19,490.00 | 19,490.00 | 19,290.00 | 19,290.00 |
| Net, before | $ 2,465.34 | $ 2,465.34 | $ 2,465.34 | $ 1,751.34 | $ 1,751.34 | $ 1,751.34 | $ 1,769.34 | $ 1,769.34 |
| Tax Collector | (725.00) | (725.00) | (725.00) | | | | | |
| FurrCohen | (1,250.00) | (1,250.00) | (1,250.00) | (1,250.00) | (1,250.00) | (1,250.00) | (1,250.00) | (1,250.00) |
| Unsecured Creditors | (475.00) | (475.00) | (475.00) | (475.00) | (475.00) | (475.00) | (475.00) | (475.00) |
| Net | **15.34** | **15.34** | **15.34** | **26.34** | **26.34** | **26.34** | **44.34** | **44.34** |

| | Month 9 | Month 10 | Month 11 | Month 12 | Month 13 | Month 14 | Month 15 | Month 16 | Month 17 | Month 18 | Month 19 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| $ | 33,333.34 | 33,333.34 | 33,333.34 | 33,333.34 | 33,333.34 | 33,333.34 | 33,333.34 | 33,333.34 | 33,333.34 | 33,333.34 | 33,333.34 |
| $ | (10,272.00) | (10,272.00) | (10,272.00) | (10,272.00) | (10,580.16) | (10,580.16) | (10,580.16) | (10,580.16) | (10,580.16) | (10,580.16) | (10,580.16) |
| $ | (2,002.00) | (2,002.00) | (2,002.00) | (2,002.00) | (2,002.00) | (2,002.00) | (2,002.00) | (2,002.00) | (2,002.00) | (2,002.00) | (2,102.10) |
| $ | 21,059.34 | 21,059.34 | 21,059.34 | 21,059.34 | 20,751.18 | 20,751.18 | 20,751.18 | 20,751.18 | 20,751.18 | 20,751.18 | 20,651.08 |
| | | | | | | | | | | | |
| | 4,700.00 | 4,700.00 | 4,700.00 | 4,700.00 | 4,700.00 | 4,700.00 | 4,700.00 | 4,700.00 | 4,700.00 | 4,700.00 | 4,700.00 |
| | 5,500.00 | 5,500.00 | 5,500.00 | 5,500.00 | 5,775.00 | 5,775.00 | 5,775.00 | 5,775.00 | 5,775.00 | 5,775.00 | 5,775.00 |
| | 3,500.00 | 3,500.00 | 3,500.00 | 3,500.00 | 3,675.00 | 3,675.00 | 3,675.00 | 3,675.00 | 3,675.00 | 3,675.00 | 3,675.00 |
| | 250.00 | 250.00 | 250.00 | 250.00 | 262.50 | 262.50 | 262.50 | 262.50 | 262.50 | 262.50 | 262.50 |
| | 350.00 | 350.00 | 350.00 | 350.00 | 367.50 | 367.50 | 367.50 | 385.88 | 385.88 | 385.88 | 385.88 |
| | 815.00 | 815.00 | 815.00 | 815.00 | 872.05 | 872.05 | 872.05 | 872.05 | 872.05 | 872.05 | 872.05 |
| | 120.00 | 120.00 | 120.00 | 120.00 | 126.00 | 126.00 | 126.00 | 126.00 | 126.00 | 126.00 | 126.00 |
| | 75.00 | 75.00 | 75.00 | 75.00 | 78.75 | 78.75 | 78.75 | 78.75 | 78.75 | 78.75 | 78.75 |
| | 80.00 | 80.00 | 80.00 | 80.00 | 84.00 | 84.00 | 84.00 | 84.00 | 84.00 | 84.00 | 84.00 |
| | 70.00 | 70.00 | 70.00 | 70.00 | 73.50 | 73.50 | 73.50 | 73.50 | 73.50 | 73.50 | 73.50 |
| | 100.00 | 100.00 | 100.00 | 100.00 | 110.00 | 110.00 | 110.00 | 110.00 | 110.00 | 110.00 | 110.00 |
| | 200.00 | 200.00 | 200.00 | 200.00 | 210.00 | 210.00 | 210.00 | 210.00 | 210.00 | 210.00 | 210.00 |
| | 1,400.00 | 1,400.00 | 1,400.00 | 1,400.00 | 1,442.00 | 1,442.00 | 1,442.00 | 1,442.00 | 1,442.00 | 1,442.00 | 1,442.00 |
| | 250.00 | 250.00 | 250.00 | 250.00 | 262.50 | 262.50 | 262.50 | 262.50 | 262.50 | 262.50 | 262.50 |
| | 500.00 | 500.00 | 500.00 | 500.00 | 525.00 | 525.00 | 525.00 | 525.00 | 525.00 | 525.00 | 525.00 |
| | 130.00 | 130.00 | 130.00 | 130.00 | 136.50 | 136.50 | 136.50 | 136.50 | 136.50 | 136.50 | 136.50 |
| | 300.00 | 300.00 | 300.00 | 300.00 | 400.00 | 400.00 | 400.00 | 400.00 | 400.00 | 400.00 | 400.00 |
| | 400.00 | 400.00 | 400.00 | 400.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 450.00 |
| | 100.00 | 100.00 | 100.00 | 100.00 | 105.00 | 105.00 | 105.00 | 105.00 | 105.00 | 105.00 | 105.00 |
| | 200.00 | 200.00 | 200.00 | 200.00 | 210.00 | 210.00 | 210.00 | 210.00 | 210.00 | 210.00 | 210.00 |
| | 200.00 | 200.00 | 200.00 | 200.00 | 210.00 | 210.00 | 210.00 | 210.00 | 210.00 | 210.00 | 210.00 |
| | 50.00 | 50.00 | 50.00 | 50.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 50.00 |
| | 19,290.00 | 19,290.00 | 19,290.00 | 19,290.00 | 20,225.30 | 20,225.30 | 20,225.30 | 20,243.68 | 20,243.68 | 20,243.68 | 20,143.68 |
| $ | 1,769.34 | 1,769.34 | 1,769.34 | 1,769.34 | 525.88 | 525.88 | 525.88 | 507.50 | 507.50 | 507.50 | 507.40 |
| | (1,250.00) | (1,250.00) | (1,250.00) | (1,250.00) | | | | | | | |
| | (475.00) | (475.00) | (475.00) | (475.00) | (475.00) | (475.00) | (475.00) | (475.00) | (475.00) | (475.00) | (475.00) |
| | **44.34** | **44.34** | **44.34** | **44.34** | **50.88** | **50.88** | **50.88** | **32.50** | **32.50** | **32.50** | **32.40** |

| | Month 20 | Month 21 | Month 22 | Month 23 | Month 24 | Month 25 | Month 26 | Month 27 | Month 28 | Month 29 | Month 30 | Month 31 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| $ | 33,333.34 | 33,333.34 | 33,333.34 | 33,333.34 | 33,333.34 | 34,333.34 | 34,333.34 | 34,333.34 | 34,333.34 | 34,333.34 | 34,333.34 | 34,333.34 |
| $ | (10,580.16) | (10,580.16) | (10,580.16) | (10,580.16) | (10,580.16) | (10,897.56) | (10,897.56) | (10,897.56) | (10,897.56) | (10,897.56) | (10,897.56) | (10,897.56) |
| $ | (2,102.10) | (2,102.10) | (2,102.10) | (2,102.10) | (2,102.10) | (2,102.10) | (2,102.10) | (2,102.10) | (2,102.10) | (2,102.10) | (2,102.10) | (2,102.10) |
| $ | 20,651.08 | 20,651.08 | 20,651.08 | 20,651.08 | 20,651.08 | 21,333.68 | 21,333.68 | 21,333.68 | 21,333.68 | 21,333.68 | 21,333.68 | 21,333.68 |
| | | | | | | | | | | | | |
| | 4,700.00 | 4,700.00 | 4,700.00 | 4,700.00 | 4,700.00 | 4,700.00 | 4,700.00 | 4,700.00 | 4,700.00 | 4,700.00 | 4,700.00 | 4,700.00 |
| | 5,775.00 | 5,775.00 | 5,775.00 | 5,775.00 | 5,775.00 | 6,063.75 | 6,063.75 | 6,063.75 | 6,063.75 | 6,063.75 | 6,063.75 | 6,063.75 |
| | 3,675.00 | 3,675.00 | 3,675.00 | 3,675.00 | 3,675.00 | 3,858.75 | 3,858.75 | 3,858.75 | 3,858.75 | 3,858.75 | 3,858.75 | 3,858.75 |
| | | | | | | | | | | | | |
| | 262.50 | 262.50 | 262.50 | 262.50 | 262.50 | 270.38 | 270.38 | 270.38 | 270.38 | 270.38 | 270.38 | 270.38 |
| | 385.88 | 385.88 | 385.88 | 385.88 | 385.88 | 378.53 | 378.53 | 378.53 | 378.53 | 378.53 | 378.53 | 378.53 |
| | 872.05 | 872.05 | 872.05 | 872.05 | 872.05 | 898.21 | 898.21 | 898.21 | 898.21 | 898.21 | 898.21 | 898.21 |
| | | | | | | | | | | | | |
| | 126.00 | 126.00 | 126.00 | 126.00 | 126.00 | 126.00 | 126.00 | 126.00 | 126.00 | 126.00 | 126.00 | 126.00 |
| | 78.75 | 78.75 | 78.75 | 78.75 | 78.75 | 81.11 | 81.11 | 81.11 | 81.11 | 81.11 | 81.11 | 81.11 |
| | 84.00 | 84.00 | 84.00 | 84.00 | 84.00 | 86.52 | 86.52 | 86.52 | 86.52 | 86.52 | 86.52 | 86.52 |
| | 73.50 | 73.50 | 73.50 | 73.50 | 73.50 | 75.71 | 75.71 | 75.71 | 75.71 | 75.71 | 75.71 | 75.71 |
| | 110.00 | 110.00 | 110.00 | 110.00 | 110.00 | 113.30 | 113.30 | 113.30 | 113.30 | 113.30 | 113.30 | 113.30 |
| | 210.00 | 210.00 | 210.00 | 210.00 | 210.00 | 216.30 | 216.30 | 216.30 | 216.30 | 216.30 | 216.30 | 216.30 |
| | 1,442.00 | 1,442.00 | 1,442.00 | 1,442.00 | 1,442.00 | 1,442.00 | 1,442.00 | 1,442.00 | 1,442.00 | 1,442.00 | 1,442.00 | 1,442.00 |
| | 262.50 | 262.50 | 262.50 | 262.50 | 262.50 | 270.38 | 275.63 | 275.63 | 275.63 | 275.63 | 275.63 | 275.63 |
| | 525.00 | 525.00 | 525.00 | 525.00 | 525.00 | 540.75 | 540.75 | 540.75 | 540.75 | 540.75 | 540.75 | 540.75 |
| | 136.50 | 136.50 | 136.50 | 136.50 | 136.50 | 143.33 | 143.33 | 143.33 | 143.33 | 143.33 | 143.33 | 143.33 |
| | 400.00 | 400.00 | 400.00 | 400.00 | 400.00 | 420.00 | 420.00 | 420.00 | 420.00 | 420.00 | 420.00 | 420.00 |
| | 450.00 | 450.00 | 450.00 | 450.00 | 450.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 | 500.00 |
| | 105.00 | 105.00 | 105.00 | 105.00 | 105.00 | 110.25 | 110.25 | 110.25 | 110.25 | 110.25 | 110.25 | 110.25 |
| | 210.00 | 210.00 | 210.00 | 210.00 | 210.00 | 220.50 | 220.50 | 220.50 | 220.50 | 220.50 | 220.50 | 220.50 |
| | 210.00 | 210.00 | 210.00 | 210.00 | 210.00 | 210.00 | 210.00 | 210.00 | 210.00 | 210.00 | 210.00 | 210.00 |
| | 50.00 | 50.00 | 50.00 | 50.00 | 50.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 |
| | 20,143.68 | 20,143.68 | 20,143.68 | 20,143.68 | 20,143.68 | 20,825.75 | 20,831.00 | 20,831.00 | 20,831.00 | 20,831.00 | 20,831.00 | 20,831.00 |
| $ | 507.40 | 507.40 | 507.40 | 507.40 | 507.40 | 507.93 | 502.68 | 502.68 | 502.68 | 502.68 | 502.68 | 502.68 |
| | (475.00) | (475.00) | (475.00) | (475.00) | (475.00) | (475.00) | (475.00) | (475.00) | (475.00) | (475.00) | (475.00) | (475.00) |
| | **32.40** | **32.40** | **32.40** | **32.40** | **32.40** | **32.93** | **27.68** | **27.68** | **27.68** | **27.68** | **27.68** | **27.68** |

| Month 32 | Month 33 | Month 34 | Month 35 | Month 36 |
|---|---|---|---|---|
| $ 34,333.34 | $ 34,333.34 | $ 34,333.34 | $ 34,333.34 | $ 34,333.34 |
| (10,897.56) | (10,897.56) | (10,897.56) | (10,897.56) | (10,897.56) |
| (2,102.10) | (2,102.10) | (2,102.10) | (2,102.10) | (2,102.10) |
| $ 21,333.68 | $ 21,333.68 | $ 21,333.68 | $ 21,333.68 | $ 21,333.68 |
|  |  |  |  |  |
| 4,700.00 | 4,700.00 | 4,700.00 | 4,700.00 | 4,700.00 |
| 6,063.75 | 6,063.75 | 6,063.75 | 6,063.75 | 6,063.75 |
| 3,858.75 | 3,858.75 | 3,858.75 | 3,858.75 | 3,858.75 |
|  |  |  |  |  |
| 270.38 | 270.38 | 270.38 | 270.38 | 270.38 |
| 378.53 | 378.53 | 378.53 | 378.53 | 378.53 |
| 898.21 | 898.21 | 898.21 | 898.21 | 898.21 |
|  |  |  |  |  |
| 126.00 | 126.00 | 126.00 | 126.00 | 126.00 |
| 81.11 | 81.11 | 81.11 | 81.11 | 81.11 |
| 86.52 | 86.52 | 86.52 | 86.52 | 86.52 |
| 75.71 | 75.71 | 75.71 | 75.71 | 75.71 |
| 113.30 | 113.30 | 113.30 | 113.30 | 113.30 |
| 216.30 | 216.30 | 216.30 | 216.30 | 216.30 |
| 1,442.00 | 1,442.00 | 1,442.00 | 1,442.00 | 1,442.00 |
| 275.63 | 275.63 | 275.63 | 275.63 | 275.63 |
| 540.75 | 540.75 | 540.75 | 540.75 | 540.75 |
| 143.33 | 143.33 | 143.33 | 143.33 | 143.33 |
| 420.00 | 420.00 | 420.00 | 420.00 | 420.00 |
| 500.00 | 500.00 | 500.00 | 500.00 | 500.00 |
| 110.25 | 110.25 | 110.25 | 110.25 | 110.25 |
| 220.50 | 220.50 | 220.50 | 220.50 | 220.50 |
| 210.00 | 210.00 | 210.00 | 210.00 | 210.00 |
| 100.00 | 100.00 | 100.00 | 100.00 | 100.00 |
|  |  |  |  |  |
| 20,831.00 | 20,831.00 | 20,831.00 | 20,831.00 | 20,831.00 |
|  |  |  |  |  |
| $ 502.68 | $ 502.68 | $ 502.68 | $ 502.68 | $ 502.68 |
|  |  |  |  |  |
| (475.00) | (475.00) | (475.00) | (475.00) | (475.00) |
|  |  |  |  |  |
| 27.68 | 27.68 | 27.68 | 27.68 | 27.68 |